## LIABILITY FOR RENT OF A TENANT WHO HAS HELD OVER.

Common Pleas Court of Hamilton County.

### W. S. WALKER v. HERMAN BUMILLER.*

Decided, 1916.

*Landlord and Tenant—Charge of Court—As to Defenses by a Tenant Who Has Held Over—Findings May Not be Asked of the Court, When.*

1. In an action for rent against a tenant who has held over and who claims an oral agreement that the new tenancy should be from month to month and that there had been a surrender, the jury should be instructed that the burden is on the defendant to substantiate both defenses in order to escape liability.
2. It is not within the province of a trial court to include findings in an entry where there has been a verdict by a jury and no interrogatories were submitted.

*E. H. Brink* and *C. B. Wilby,* for motion.
*Dempsey & Nieberding,* contra.

MAY, J.

Memorandum opinion overruling motion for a new trial.

This was an action for rent. It had been tried in the justice's court and came into the common pleas court on appeal. The plaintiff contended that the defendant was liable, having held over after a previous written lease. The defendant was permitted to introduce evidence that one month prior to the termination of the written lease the plaintiff and defendant orally agreed that the new tenancy should be from month to month at the expiration of the lease. The defendant also claimed there had been a surrender and an exception to the surrender.

In submitting the case to the jury the court charged the jury that the burden of proof was upon the defendant to substantiate

---

*Reversed by the Court of Appeals by a divided court, *Walker* v. *Bumiller,* 25 C.C.(N.S.), 385; Court of Appeals reversed and Common Pleas affirmed by the Supreme Court.

both defenses; that if the jury found that the defendant took possession of the property at the expiration of the prior lease under the new agreement for monthly tenancy, they should find for the defendant.

The objection is made to this charge because it violates the statute of frauds. Whatever may have been the law in this state on this question it certainly was changed by the ruling of the Supreme Court in the case of *Corbin et al* v. *Hafer*, 72 Ohio St., 685. In that case the same question as that presented in this case was deceided. The General Term held such an agreement void. *Hafer* v. *Corbin et al*, 6 N.P. (N.S.), 468. The Supreme Court reversed this and entered judgment for the defendant, which was the verdict of the jury as returned in the case in Special Term, using the following language, 72 Ohio St., 685:

"Judgment of the General Term reversed and that of the Special Term affirméd on the authority of *Moore* v. *Harter*, 67 Ohio State, 250."

Believing myself bound under the rule of *stare decisis* to follow the Supreme Court, the motion for a new trial on this point is overruled.

On the matter of the surrender I am of the opinion that if the jury returned a verdict based upon this defense, that its verdict was manifestly against the weight of the evidence, and if this had been the only question in the case I should not have hesitated to set aside the verdict.

Counsel for plaintiff presented to the court an entry in which they asked the court to make a fiinding to this effect, but the court does not think it is within its province to make distinct findings in an entry where there was a verdict of the jury and where no special interrogatories had been asked.